UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JOYCE WILLIAMS, as Guardian of
JAYSON CUST,

                Plaintiff,             **OPINION & ORDER**
                                               **CV-06-5353 (SDF)(MDG)**

    -against-

HEALTH RECEIVABLES MANAGEMENT, INC.

                Defendant.
----------------------------------------X
FEUERSTEIN, J.

    On September 29, 2006, plaintiff Joyce Williams, as guardian of Jayson Cust, (plaintiff), by her attorney Adam J. Fishbein, Esq., filed a purported class action complaint against defendant Health Receivables Management, Inc. (defendant), alleging, *inter alia*, violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and seeking statutory damages, costs and attorney's fees. No further action was taken on this case until May 31, 2007, when, in response to a status report order issued by this Court on May 15, 2007, Mr. Fishbein advised that although "[m]uch money has been spent on process serving fees, * * * [he] subsequently found out that the defendant was not served." (Letter from Adam J. Fishbein to the Court dated May 31, 2007 [Fishbein Ltr.]). Plaintiff requests additional time to serve the complaint.

DISCUSSION

    Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

1

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion *or on its own initiative after notice to the plaintiff,* shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. * * * (emphasis added).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." Hollomon v. City of New York, No. 04-CV-2964, 2006 WL 2135800, at * 3 (E.D.N.Y. Jul. 31, 2006) (citing AIG Managed Market Neutral Fund v. Askin Capital Management, L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000)). "[A] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." Id. (citations omitted). Plaintiff does not establish what efforts, if any, were undertaken to effectuate service, other than the expenditure of "much money." (Fishbein Ltr.). Accordingly, plaintiff has not established good cause for the failure to effectuate service within the one hundred twenty (120) day period prescribed by Rule 4(m).

Plaintiff's application for additional time to serve the complaint is denied. Plaintiff is advised that if she fails to establish good cause for her failure to timely serve the summons and complaint on defendant within twenty (20) days of the date of this order, her complaint will be dismissed in accordance with Rule 4(m).

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 31, 2007
Central Islip, New York

2

Copies to:

Adam J. Fishbein, P.C.
483 Chestnut Street
Cedarhurst, New York 11516